UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-383M |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| TRAVON TRAMONE PINKNEY | ) | |
| Defendant. | ) | |

<u>Offense charged</u>:

Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

<u>Date of Detention Hearing</u>:    August 3, 2006.

The Court conducted a detention hearing pursuant to 18 U.S.C. § 3142(f). Based upon the factual findings and statement of reasons for detention hereafter set forth, the Court finds that no condition or combination of conditions other than detention that will reasonably assure the appearance of defendant as required or the safety of the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)    The defendant is a risk of flight or of not making his required court appearances.

DETENTION ORDER                                                                15.13
18 U.S.C. § 3142(i)                                                            Rev. 1/91
PAGE 1

01  The defendant has a history of failing to appear and has been infracted on 23 occasions during the
02  past five years while on supervision since 2005, reflecting an apparent inability or unwillingness
03  to comply with court orders.  He has unverifiable employment status and substance abuse
04  problems.
05          (2)     Defendant also poses a risk of danger to the community.  He was previously
06  convicted of homicide, which was reduced to manslaughter in the second degree due to a ruling
07  by the Washington State Supreme Court.  When he committed this crime, he was on supervision
08  from another conviction, indicating an inability or unwillingness to follow supervision.  As
09  discussed above, he was infracted on 23 occasion over the last five years while under state
10  supervision.
11          (3)     The current charges began with an observed brutal assault on another person.
12          (4)     When he was arrested, he admitted to law enforcement that he was a member of
13  the 74 Hoover Crips gang.
14          (5)     No conditions or combination of conditions other than detention are apparent that
15  will reasonably assure the defendant's appearance at future Court hearings or the safety of the
16  community.
17          IT IS THEREFORE ORDERED:
18          (1)     Defendant shall be detained pending trial and committed to the custody of the
19                  Attorney General for confinement in a correction facility separate, to the extent
20                  practicable, from persons awaiting or serving sentences or being held in custody
21                  pending appeal;
22          (2)     Defendant shall be afforded reasonable opportunity for private consultation with

counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>3rd</u> day of August, 2006.

<u>s/ James P. Donohue</u><br>
United States Magistrate Judge